# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

**CERESIA BLANCHARD,**

    Plaintiff,

v.

**ROBERT L. LIPTON, INC. d/b/a LIPTON TOYOTA,** a Florida corporation,

    Defendant.

## COMPLAINT

COMES NOW, Plaintiff, CERESIA BLANCHARD ("Plaintiff"), by and through undersigned counsel, hereby files the instant complaint against Defendant ROBERT L. LIPTON, INC. d/b/a LIPTON TOYOTA ("Defendant"), and states:

## JURISDICTION

1. This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), on the basis of religious discrimination, sexual harassment, and retaliation.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## VENUE

3. Broward County, Florida, is the proper venue because the unlawful employment practices of the Defendant were committed in this jurisdiction, because Defendant maintains offices to transact business in Broward County, because Plaintiff worked out of an office in

Broward County, and because the employment records of Plaintiff are or have been administered in Broward County.

## PARTIES

4. Plaintiff is an individual residing in Broward County, State of Florida, is over eighteen (18) years of age, and is otherwise *sui juris*.

5. Defendant is a Florida corporation, conducting business in Broward County, as an automobile dealership.

6. At all times relevant, Defendant employed more than fifteen (15) employees and was Plaintiff's employer with the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(a) to (b).

## CONDITIONS PRECEDENT

7. Plaintiff timely filed a complaint with the Equal Employment Opoprtunity Commission ("EEOC"), and has timely filed this Complaint after receipt of a Right to Sue Letter, dated October 19, 2023.

8. All presuit requirements have either been satisfied by Plaintiff or waived by Defendant.

## FACTUAL BACKGROUND

9. Plaintiff was employed by Defendant from approximately January 3, 2023 to approximately February 14, 2023, as a "Car Salesperson."

10. Plaintiff is a deeply religious individual who regularly attends church with her family on Sunday.

11. Plaintiff advised Defendant before commencing employment that she was available to work Monday through Saturday of each workweek.

12. When Jwan Abdelmajid called Plaintiff on December 30, 2022, prior to the start of Plaintiff's employment with Defendants, to discuss her forthcoming schedule, Plaintiff reiterated her need for a religious accomodation for Sundays.

13. Despite same, Defendant scheduled Plaintiff to work the two (2) Sundays in the first month of Plaintiff's employment, with Defendant stating the reason for scheduling Plaintiff for Sunday work was due to Plaintiff's work accomodation was not yet being approved by Defendant.

14. Since Plaintiff did not receive a formal response from Defendant regarding her request for religious accomodation, Plaintiff sent an email to Jwan Abdelmajid, on January 31, 2023, again requesting a religious accomodation of having Sundays off.

15. Plaintiff's request for religious accomodation was never approved, nor did Defendant formally respond to same.

16. However, Defendant's General Manager, Weam Aly, approached Plaintiff after the above-referenced email advising Plaintiff that she needed to work two (2) Sundays per month if she wished to remain employed by Defendant and that her request for accomodation was denied.

17. Despite being fully aware of Plaintiff's religious beliefs and practices, specifically her religious observance and obligations on Sundays, and as a direct result of Defendant's refusal to provide Plaintiff a reasonable accommodation to observe her faith, Plaintiff was forced to terminate her employment with Defendant, and has been damaged as a result.

18. Additionally, on January 24, 2023, a Sales Manager named Dmitry Sicard (Sales Manager)

in from of two other male salesmen, and one male customer, and Plaintiff, stated that "women don't know anything about cars."

19. Plaintiff was the only female in the room at the time that this comment was made by Dmitry.

20. Plaintiff lodged a formal complaint regarding this comment to Defendant's human resources department on February 5, 2023, via email.

**COUNT I**
**RELIGIOUS DISCRIMINATION CLAIM UNDER**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

21. Plaintiff, CERESIA BLANCHARD, realleges and incorporates by reference Paragraphs 1 through 17.

22. Title VII of the Civil Rights Act of 1964 requires employers to reasonably accommodate the religious beliefs and practices of employees unless doing so would cause more than a minimal burden on the operation of the employer's business.

23. Plaintiff's religious beliefs and practices were protected under Title VII of the Civil Rights Act of 1964 at all times material.

24. Defendant was on notice of Plaintiff's religious beliefs and practices, specifically her religious observance and obligations on Sundays.

25. Defendant unreasonably refused to provide accommodate for the religious beliefs and practices of Plaintiff.

26. But for Defendant's refusal to provide accommodation to Plaintiff, Plaintiff would have been able to fully perform the job duties of her position.

27. Defendant would not have suffered any undue hardship by granting Plaintiff's requests for

accommodation.

28. Plaintiff is a member of a protected class.

29. Plaintiff suffered an adverse employment action.

30. There was a causal connection between the adverse employment action and Plaintiff's membership in the protected class.

31. As such, Plaintiff was subject to religious discrimination by Defendant.

32. As a result of Defendant's religious discrimination, Plaintiff has suffered damages.

WHEREFORE, Plaintiff, CERESIA BLANCHARD, respectfully requests that this Court enter judgment in her favor and against Defendant, ROBERT L. LIPTON, INC., awarding Plaintiff any and all damages recoverable under the law, as well as her reasonable attorney's fees and costs of litigation.

## COUNT II
### RELIGIOUS DISCRIMINATION RETALIATION CLAIM UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

33. Plaintiff, CERESIA BLANCHARD, realleges and incorporates by reference Paragraphs 1 through 17.

34. Title VII of the Civil Rights Act of 1964 protects employees from being punished or harassed at work because the employee complains about sex harassment or discrimination.

35. Plaintiff was retaliated against by Defendant for requesting an accommodation for religious observation on Sundays.

36. Defendant retaliated against Plaintiff which caused her damages and ultimately forced Plaintiff to have to terminate her employment.

WHEREFORE, Plaintiff CERESIA BLANCHARD, respectfully requests that this Court enter judgment in her favor and against Defendant, ROBERT L. LIPTON, INC., awarding Plaintiff any and all damages recoverable under the law and her reasonable attorney's fees and costs of litigation.

**COUNT III**
**SEX HARRASSMENT CLAIM UNDER**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

37. Plaintiff, CERESIA BLANCHARD, realleges and incorporates by reference Paragraphs 1 through 9; 18-20.

38. Title VII of the Civil Rights Act of 1964 makes sexual harassment illegal if it is unwelcome and it is so frequent or serious that it creates a hostile work environment.

39. Title VII of the Civil Rights Act of 1964 protects employees from being harassed by a supervisor, a supervisor in another area, a co-worker, and others in the workplace.

40. Plaintiff is a member of a protected class.

41. Plaintiff was subject to disparate treatment by Defendant.

42. Plaintiff suffered adverse employment actions.

43. The harassing treatment was because of Plaintiff's sex.

44. The Defendant's behavior was severe or pervasive.

45. The Defendant's behavior was unwelcome.

46. There was a causal connection between the adverse employment action and Plaintiff's membership in the protected class.

47. A tangible employment action occurred.

WHEREFORE, Plaintiff CERESIA BLANCHARD, respectfully requests that this Court enter judgment in her favor and against Defendant, ROBERT L. LIPTON, INC., awarding Plaintiff any and all damages recoverable under the law and her reasonable attorney's fees and costs of litigation.

## COUNT IV
### SEXUAL HARASSMENT RETALIATION CLAIM UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

48. Plaintiff, CERESIA BLANCHARD, realleges and incorporates by reference Paragraphs 1 through 9; 18-20.

49. Title VII of the Civil Rights Act of 1964 protects employees from being punished or harassed at work because the employee complains about sexual harassment or discrimination.

50. Plaintiff was retaliated against by Defendant for lodging a complaint of sexual harassment.

51. Plaintiff participated in a complaint process relating by lodging a formal complaint with Defendant's human resources department regarding sexual harassment.

52. Defendant retaliated against Plaintiff which caused her damages and ultimately forced Plaintiff to have to terminate her employment.

WHEREFORE, Plaintiff CERESIA BLANCHARD, respectfully requests that this Court enter judgment in her favor and against Defendant, ROBERT L. LIPTON, INC., awarding Plaintiff any and all damages recoverable under the law and her reasonable attorney's fees and costs of litigation.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues so triable.

DATED:  January 2, 2024

>MILITZOK LAW, P.A.
>*Attorneys for Plaintiff*
>8958 W. State Road 84, #1036
>Fort Lauderdale, FL 33324
>(954) 780-8228 - Telephone
>(954) 791-4456– Facsimile
>bjm@militzoklaw.com
>
>By: /s/ Brian Militzok
>BRIAN J. MILITZOK, ESQ
>Fla. Bar No.: 0069993